Grote v. Clerihan.

## WILLIAM A. GROTE
## v.
## MICHAEL J. CLERIHAN.

*Negotiable Instrument—Note—Real Property—Contract of Sale—Assignment of—Failure of Title—Instructions.*

Upon an assignment of a contract for the purchase of real estate, executed by the vendee, which provided that the agreement was thereby sold by the plaintiff to the defendant, the latter to assume all the conditions contained in the original contract, the assignment also containing the terms of payment by the assignee to the assignor, this court holds that the assignor did not thereby guarantee that the vendor in the original contract would faithfully perform.

[Opinion filed February 14, 1890.]

IN ERROR to the Circuit Court of Morgan County; the Hon. C. EPLER, Judge, presiding.

Mr. M. T. LAYMAN, for plaintiff in error.

Mr. GEORGE W. SMITH, for defendant in error.

WALL, J.   The plaintiff in error brought assumpsit against the defendant in error upon a promissory note for $100, bearing date November 3, 1888, due March 1, 1889.  The case was tried by the court, a jury being waived, and it was stipulated that all legal defenses might be proved under the general issue.   The finding was in favor of defendant against plaintiff for $100.   Judgment went accordingly.

The note sued on was given by defendant to the plaintiff in part consideration for the assignment of a written contract for the sale of a tract of land by and between Wemple Brothers and the plaintiff.   Said contract bore date August 25, 1888, and witnesseth that Wemple Brothers sold the land described for $2,250—$200 in cash, or cash and approved note, due March 1, 1889; $500 more was to be paid March 1, 1889, upon which plaintiff was to receive possession; but before taking possession he should execute his obligation for the balance of purchase money, making it a lien upon the land, which balance was to bear interest at seven per cent after the last named date.   The assignment was written on the back of the contract, signed by both plaintiff and defendant, and provided that the agreement within for the sale of land was thereby sold by the plaintiff to the defendant, the latter "to assume all the conditions contained in the written agreement, and the said Clerihan (defendant), was to pay to the party of the first part (plaintiff), $100, and to give his note or cash for $100 on Saturday, November 3, 1888."

The cash payment of $100 was made and the note sued on was executed.   The defense was that there was a failure of title and that defendant was not only not bound to pay the note but that it was the duty of the plaintiff to refund the cash payment of $100.   The court took that view of the matter and gave judgment as already stated.

It appeared that the land was subject to some incumbrances in the shape of judgment liens, but that these, excepting a small part of the cost, had been discharged before the present suit was brought.   It appeared also that there was a disagree-

Grote v. Clerihan.

ment between Wemple Brothers and the defendant as to the terms upon which a deed should be made and as to protecting defendant against the possible effect of any of said liens.

It will be noticed the agreement does not specify in so many words what sort of title should be conveyed, or indeed, that any conveyance should be made, nor when the final payment should be absolutely due. The want of certainty in these important respects might produce controversy between men of perfect integrity and the utmost prudence, but whatever might be the result of such an issue, we think there is nothing in this record to bar the plaintiff in his suit upon the note.

He merely sold his interest in the contract to the defendant. He did not undertake that Wemple Brothers should faithfully perform it, nor that, if they did, the defendant should receive or enjoy any certain measure of benefit therefrom.

Whatever rights were secured by the contract passed from the plaintiff to the defendant. It was open to the defendant to construe it and determine for himself what was its legal effect, and in the absence of fraud it is wholly unimportant whether it was worth more or less than either of the parties may have supposed. The plaintiff authorized the defendant to demand from Wemple Brothers all that he could have demanded, nothing more or less, but bound himself to nothing in that respect. The defendant assumed all conditions of the agreement and must look to Wemple Brothers for whatever title was called for in and by the contract.

The plaintiff asked the court to hold the following propositions of law, but the court refused to do so:

1st. "That the defendant was not entitled to a conveyance in fee simple, but only to such title as Wemple Brothers had at the time of their contract with plaintiff.

2d. That the writing on the back of the contract between plaintiff and Wemple Brothers, signed by plaintiff and defendant, is an assignment of the contract, and that defendant is required to look to Wemple Brothers for a conveyance of the premises."

It is not necessary to determine as to the propriety of the first. The second, however, is applicable and correct. It should have been held. We are of opinion the plaintiff was entitled to recover and that the judgment for defendant was erroneous. The same will therefore be reversed and the cause remanded.

<em>Reversed and remanded.</em>